IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOMINIQUE DEWAYNE GULLEY-FERNANDEZ,

                  Plaintiff,                  OPINION AND ORDER

v.

                                                 15-cv-133-wmc

EDWARD WALL, *et al.*,

                  Defendants.

---

On December 29, 2016, the court granted *pro se* plaintiff Dominique DeWayne Gulley-Fernandez leave to proceed on Eighth Amendment and state law claims against several defendants related to the manner in which those defendants treated her gender dysphoria. (Dkt. # 18.) Defendants have since filed a Motion to Transfer, in which they seek transfer of this lawsuit to the Eastern District of Wisconsin because Gulley-Fernandez has a similar case pending in that district court. (Dkt. #23.) Although Gulley-Fernandez opposes the motion, the court agrees that transfer is appropriate in the interest of justice and as a matter of judicial economy.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. In this case, Gulley-Fernandez has been granted leave to proceed against Dr. Johnson, Dr. Sebranek, Dr. Cox and Captain Gardner on Eighth Amendment claims, and against Johnson, Sebranek and Cox on and state negligence and malpractice law claims. Each of these defendants were employees of the Wisconsin Secure Program

Facility ("WSPF") during the time period relevant to her claims. Her claims against them relate to their alleged refusal to provide her with medication to treat her gender dysphoria and Gardner's failure to comply with her requests for sex reassignment surgery.

Eight months earlier, the Eastern District of Wisconsin similarly permitted Gulley-Fernandez to proceed against WSPF employees, Johnson, Gardner, Boughton, Kevin Kallas, Gary Ankarlo, Timothy Haines, Dr. Shirley Dawson, Dawn Landers, Dr. Torria Van Burren, Christa Morrison and Troy Hermans, essentially on the same Eighth Amendment claims for alleged failures to treat her gender dysphoria. *Gulley-Fernandez v. Johnson*, Case No. 15-cv-795, dkt. # 71 (E.D. Wis. April 29, 2016).

Thus, Gulley-Fernandez's claims in the two lawsuits all stem from how WSPF treated her gender dysphoria, share two defendants, appear to involve the same timeframe, and will almost certainly involve factual development. Defendants further indicate that once this matter is transferred, they will move to consolidate it with Case No. 15-cv-795.

Nevertheless, Gulley-Fernandez objects to transfer, arguing that because she filed this lawsuit and is perfectly capable of handling two lawsuits in two different courts, this court should retain jurisdiction. She further claims, without explanation or supporting facts or documentation, that there is a "major conflict of interest" between this case and cases she has previously filed in the Eastern District.

The court is unable to even speculate as to what conflict of interest the plaintiff may be referring to, so it will instead focus on whether a transfer will serve convenience or the interest of justice. First, the convenience inquiry militates strongly in favor of

transfer. While WSPF and the likely witnesses are located in the Western District of Wisconsin, the fact that Gulley-Fernandez *chose* to file her other lawsuit in the Eastern District suggests that the location is not inconvenient to her, and she has described no difficulties in litigating in the Eastern District to date. Moreover, whether or not plaintiff is happy to litigate essentially the same lawsuit in two courts, defendants will be forced to litigate two similar lawsuits with two overlapping defendants in two different courts. The transfer and consolidation (if granted), therefore, would certainly be more convenient for the defendants, allow for one deposition of plaintiff and each defendant, as well as one discovery period, one round of briefing summary judgment and one trial. A transfer likely also serves witness convenience, given that there is already a case pending in the Eastern District that includes many of the same potential witnesses involved in Gulley-Fernandez's ongoing care.

    Second, a transfer will promote judicial economy because it will allow the Eastern District court to consolidate these lawsuits, litigating all of Gulley-Fernandez's claims in one court. Even if defendants' consolidation motion were denied, litigating both of plaintiff's lawsuits before the same court will avoid inconsistent rulings related to Gulley-Fernandez's claims.

    Accordingly, the court will exercise its discretionary authority under 28 U.S.C. § 1404(a) and § 1406(a), and transfer this case to the Milwaukee Division of the Eastern District of Wisconsin.

ORDER

IT IS ORDERED that defendants' Motion to Transfer (dkt. #23) this matter to the Eastern District of Wisconsin is GRANTED.

Entered this 7th day of March, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge